IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STACY R. FOWLER,**

    **Plaintiff,**

vs.

                           Case No. 2:23-cv-3172
                           Chief Judge Algenon L. Marbley
                           Magistrate Judge Elizabeth P. Deavers

**AT&T, INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Motion for a Protective Order (ECF No. 15) filed by Defendants AT&T, Inc., AT&T Teleholdings Inc. d/b/a AT&T Midwest, and Ohio Bell Telephone Company d/b/a AT&T Ohio (collectively Defendants or "AT&T"). Plaintiff Stacy R. Fowler has filed a Response, (ECF No. 21), and Defendant have filed a Reply, (ECF No. 24). For the following reasons, the Court **GRANTS** Defendants' Motion for a Protective Order. Accordingly, the **TEMPORARY STAY** previously entered in this matter is **EXTENDED** pending a ruling on Defendant's Motion to Compel Arbitration and Stay Proceedings filed on December 1, 2023 (ECF No. 9).

## I.

On December 1, 2023, Defendants filed a Motion to Compel Arbitration and Stay Proceedings (the "Motion to Compel"), generally arguing that Plaintiff entered into an agreement to arbitrate any and all disputes she may have with Defendants, including the claims raised in this case. (ECF No. 9.) The Motion to Compel has been fully briefed and will be decided by separate order.

On February 20, 2024, Defendants filed their current motion, citing Plaintiff's stated wish to begin discovery immediately. (ECF No. 15.) In their motion, Defendants generally argue that, if their Motion to Compel is granted, their discovery obligations in this Court will be stayed. Absent such a stay, Defendants contend that Plaintiff would be free to pursue more expansive discovery than she would be entitled in arbitration thereby requiring Defendants to endure the cost and burden of discovery they had contractually agreed to avoid.

Plaintiff opposes Defendants' request on both procedural and substantive grounds. As for her procedural argument, Plaintiff contends that Defendants' motion should be denied because it was filed one day after the Court's firmly established deadline of February 19, 2024, without a demonstration of excusable neglect. With respect to more substantive issues, Plaintiff argues that the impact a stay of discovery could have on witness availability and data retention is a real concern. Additionally, Plaintiff contends that Defendants' claimed harm is purely speculative. Finally, Plaintiff asserts that Defendants' arguments relating to the enforceability of the arbitration agreement are "fairly debatable" and, as this Court previously has recognized, cannot serve as a basis for avoiding discovery.

In reply, Defendants contend that they had good cause for filing their motion on February 20, 2024. Further, they argue that any alleged impact arising from the mere passage of time is not a sufficient basis for denying a stay of discovery. According to Defendants, Plaintiff's claim of prejudice also is purely speculative. Moreover, they assert, any claimed prejudice is the result of Plaintiff's own strategic decision to circumvent arbitration.

During a conference with the parties on January 30, 2024, the Court entered a temporary stay of discovery pending a ruling on Defendants' Motion for a Protective Order.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)).

The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55). In deciding whether to grant a stay, courts commonly consider the following factors: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court. *Hubbell v. NCR Corp.*, No. 2:17-CV-807, 2018 WL 1638882, at *1 (S.D. Ohio Apr. 5, 2018) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens,* 2010 WL 3719245, at *2 (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D.

3

Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

Here, the Court finds that Defendants have demonstrated good cause for a protective order granting a stay of discovery pending resolution of the Motion to Compel. As this Court has previously observed:

> Courts recognize a strong presumption in favor of arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 396 (6th Cir. 2014). Should [the d]efendant prevail in compelling arbitration, it will be protected from the expense of litigation in this Court. "The arbitrability of a dispute similarly gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court and bear the associated burdens." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). The burden of litigation includes not just time and financial resources, but also the possible disclosure of sensitive information.
>
> > [A]llowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information

4

> that could have a bearing on the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.

*Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 265 (4th Cir. 2011). This is particularly true when . . . the federal rules would compel discovery otherwise not permitted by the discovery rules in arbitration.

*Little v. Midland Credit Mgmt., Inc.*, No. 2:19-CV-5419, 2020 WL 4745191, at *2-3 (S.D. Ohio Aug. 17, 2020) (citing *Hubbell*, 2018 WL 1638882, at *1–2; *Danley v. Encore Capital Grp., Inc.*, No. 15-11535, 2016 WL 8115421, at *2 (E.D. Mich. Apr. 20, 2016) (staying discovery pending resolution of a motion to compel arbitration on the basis that the "benefit of this discovery will outweigh its burden only if defendants' motion to compel arbitration is denied")).

Against this backdrop, Defendants have met their burden of showing that they are entitled to a stay of discovery. A continued stay would simplify the issues in this case and reduce the burden of litigation on the parties and the Court. Indeed, a further stay will ensure that the only issue before the Court is whether Plaintiff's claims will proceed in federal court. This threshold question is not one which requires additional discovery to answer. And, importantly, as Defendants note, the arbitration agreement, designed to reduce the costs of dispute resolution, provides for streamlined discovery. Thus, it does not serve the parties' or the Court's best interests to inject discovery issues into the case at this point. This includes any issues that could arise from Plaintiff's suggestion that she be permitted to undertake the minimum scope of discovery permitted under the arbitration agreement.

Further, although Plaintiff's desire for expediency is apparent, this case is in its earliest stages. The Court can conceive of no undue prejudice or tactical disadvantage Plaintiff will suffer from a continued temporary stay at this juncture. As noted, Plaintiff will be entitled to discovery at some point – either in this Court under the Federal Rules of Civil Procedure or, in

the context of an arbitration proceeding. Thus, there is "little downside to waiting on a decision that will confirm the proper scope and rules applicable to such discovery." *Little*, 2020 WL 4745191, at *3. Moreover, the Court agrees that Plaintiff's claim of prejudice as presented here is purely speculative. And, with respect to the matter of data retention specifically, Plaintiff has not explained how a document retention notice is insufficient to protect any desired data.

Accordingly, the Court concludes that Defendants have demonstrated that a further temporary stay of discovery is justified here, pending resolution of the Motion to Compel. In reaching this decision, the Court finds no merit to Plaintiff's procedural argument asserting Defendants' untimely filing under the circumstances here.

## IV.

For the foregoing reasons, the Court finds that Defendants have carried their burden to show that a stay of discovery is appropriate under the circumstances of this case. Accordingly, Defendants' Motion for a Protective Order is hereby **GRANTED**. (ECF No. 15.) All discovery remains **TEMPORARILY STAYED** pending resolution of Defendants' Motion to Compel Arbitration and Stay Proceedings, ECF No. 9.

In the event the Court denies the Motion to Compel, the Court will set a status conference by separate order and establish a discovery schedule. If the matter proceeds to discovery, the parties should anticipate a speedy schedule.

The Clerk is **DIRECTED** to file this Opinion and Order in the related case, *Hunt v. AT&T Inc.*, 2:23-cv-4035.

**IT IS SO ORDERED.**

**Date: May 16, 2024**            /s/ *Elizabeth A. Preston Deavers*
                                  **ELIZABETH A. PRESTON DEAVERS**
                                  **UNITED STATES MAGISTRATE JUDGE**