IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LORI HUNT,                            :
                                      :
            Plaintiff,                :
                                      :
                                      :       Case No. 2:23-cv-04035
      v.                              :       Judge Algenon L. Marbley
                                      :       Magistrate Judge S. Courter M. Shimeall
                                      :
AT&T INC., *et al.*,                  :
                                      :
            Defendants.               :

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to File Document Under Seal (ECF No. 26), in which she requests leave to file certain exhibits used to support her Motion to Vacate the Arbitrator's Award (ECF No. 27) under seal—namely Exhibits 6–8 (the parties' briefs and exhibits that they filed in the underlying arbitration) and Exhibit 9 (the Arbitrator's Award)— pursuant to certain confidentiality provisions in the Stipulated Protective Order the parties executed in arbitration.  Requiring more information, the Court directed Defendants to file supplemental briefing as to why Exhibits 6–9 should be filed under seal.  (ECF No. 28.) Defendants filed a supplemental brief requesting that the Court seal any portions of Exhibits that the parties designated as confidential in the underlying Arbitration.  (ECF No. 31.)  In the alternative, Defendants request that the Court seal certain specific documents contained within Exhibits 6–9.  (*Id.* at PAGEID #: 261–65.)  For the following reasons, Plaintiff's and Defendants' sealing requests are **GRANTED in part** and **DENIED in part**.

## I.      LEGAL STANDARD

There is a strong presumption in favor of public access to judicial records.  *Stanley v.*

*Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017).  The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed."  *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored."  *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).  And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal.  *Shane Grp., Inc.*, 825 F.3d at 308.  The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public."  *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

## II.     ANALYSIS

Defendants request that the Court seal all documents submitted by either party to this action that were designated confidential in the underlying arbitration or, in the alternative, that the Court

2

seal specific portions of Plaintiff's Exhibits 6–9.  (ECF No. 31.)  As explained more fully below, Defendants have not fully met their burden for sealing all these documents.

### A. Defendants' Request to Seal All Documents Designated Confidential in the Underlying Arbitration

Defendants failed to meet their burden with respect to their request that the Court seal all the materials designated as confidential in the underlying arbitration.  Defendants concede that the "parties' agreement to keep documents confidential, standing alone, does not constitute a compelling reason for filing under seal[]," but argue that the Federal Arbitration Act's policy in favor of enforcing the terms of agreements made in arbitration provides an adequate basis to seal the materials at issue here.  (ECF No. 31, PAGEID #: 260.)  But "[c]onfidentiality agreements entered in connection with arbitration proceedings do not automatically justify sealing documents in litigation." *Schnatter v. 247 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2024 WL 3165317, at *2 (W.D. Ky. June 25, 2024) (collecting cases).  And none of the out-of-circuit cases Defendants cite to stand for the proposition that a confidentiality agreement entered in connection with arbitration proceedings provides Defendants carte blanche to seal the materials at issue here.  (*See* ECF No. 31, PAGEID #: 260.)

Accordingly, to the extent Defendants request that the Court seal all documents designated as confidential in the underlying arbitration, Defendants' request is **DENIED**.

### B. Specific Documents

In the alternative, Defendants request that the Court seal specific documents within Plaintiff's Exhibits 6–9.  Defendants submitted a chart identifying and describing these documents and their rationale for sealing.  (ECF No. 31, PAGEID #: 263–65.)  These documents can be broken into three categories based on Defendants' rationale for sealing: (1) documents that contain private information of non-parties; (2) documents that contain customer information; and (3) documents

3

that contain confidential business information.  The Court will discuss each category in turn.

### i.  Private Information of Non-Parties

As to the documents Defendants claim contain private information of non-parties, Defendants seek to seal notes with personal information about non-party AT&T employees[1] and an employee ranking scorecard.[2]  (ECF No. 31 at PAGEID #: 263–65.)  The Sixth Circuit has made clear that "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'"  *Shane Grp.*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

As to the notes with personal information about non-party AT&T employees, Defendants represent that the notes contain the private, personal information of non-parties to this action. (ECF No. 31, PAGEID #: 264.)  To the extent that the notes contain the names and personal telephone numbers of non-parties, the Court concludes that a compelling interest exists and that the non-parties' right to privacy outweighs the public's interest in access to the information.

As to the employee ranking scorecard, Defendants represent only that this document contains information about AT&T employees related to their evaluation and rankings for a reduction in workforce but fail to explain how this information implicates the privacy interests of the employees.  (*Id.* at PAGEID #: 264.)  Defendants do not specify whether the employee ranking scorecard identifies employees by name or explain whether the information could harm any third party employee's employment prospects.  Thus, the Court finds—at this point, based on the record before it—this justification insufficient to warrant sealing.

---

[1] The notes are identified in Defendants' chart as "Notes with names and personal telephone numbers of AT&T employees (Ex. 21 Hunt Dep.)."

[2] The employee ranking scorecard is identified in Defendants' chart as "Rate Rank 2022 Scorecard (Exs. 9, 11, 26 Hunt Dep.)."

Accordingly, Defendants' request to seal the notes with personal information about non-party AT&T employees is **GRANTED**, and Defendants' request to seal the employee ranking scorecard is **DENIED without prejudice** subject to the directives below.

### ii.  Customer Information

Defendants seek to redact AT&T's customer maps,[3] arguing that the maps could be used by competitors to compete with Defendants.  (ECF No. 31, PAGEID #: 263–64.)  Defendants represent that the customer maps detail AT&T's demarcation of customers territories within the State of Ohio.  To the extent the customer maps contain information about customers, Defendants have demonstrated that they have a compelling interest in sealing them.  Documents that "provide competitors with an inside look at [a party's] business strategies and potential customers[]" are sufficiently confidential.  *See Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021) (sealing documents containing revenue and sales data).  "Courts find that parties have a compelling interest in sealing documents that contain such business information (customers, sales, and pricing) because its disclosure can lead to a competitive disadvantage with third parties."  *Midwest Motor Supply Co. v. Nietsch*, No. 2:22-CV-4049, 2025 WL 2945127, at *2 (S.D. Ohio Oct. 17, 2025).  The public also has a limited interest in such business information, especially when it is indirectly related to the outcome of a legal dispute.  That appears to be the case here.

Moreover, although Defendants do not explain why their request to seal the entirety of the customer maps is narrowly tailored, Defendants' description of the maps suggests that redaction of the confidential information would be impracticable.  Unredacted copies of the customer maps may therefore be filed under seal.

---

[3] The customer maps are identified in Defendants' chart as "AT&T Maps (Exs. 7-8 Hunt Dep.; Ex. F, Hunt Opp'n to MSJ)."

Accordingly, Defendants' request to seal the customer maps is **GRANTED**.

### iii.  Confidential Business Information

Defendants seek to seal various documents that Defendants represent are considered intellectual property and/or proprietary information, including AT&T's interview guide, code of business conduct, policies, performance evaluations, and training documents.[4]  Additionally, Defendants seek to seal internal investigative reports.[5]

Trade secrets are a "recognized exception to the right of public access to judicial records," *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1180, and the existence of a trade secret satisfies the first "compelling interest" element in *Shane Group*, *see Kondash*, 767 F. App'x at 638.  A trade secret in Ohio is "information" that "derives independent economic value . . . from not being generally known to . . . other persons who can obtain economic value from its disclosure or use" and that a party expends reasonable efforts to keep secret.  *Hande's Enterprises, Inc. v. Schulenberg*, 765 F. App'x 117, 122 (6th Cir. 2019) (quoting Ohio Rev. Code § 1333.61(D)).  In Ohio, six non-dispositive factors are used to determine the existence of a trade secret:

> (1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business . . . ; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*Kondash*, 767 F. App'x at 638–39 (quoting *Heartland Home Fin., Inc. v. Allied Home Mortg.*

---

[4] These documents are identified in Defendants' chart as "AT&T's Interview Guide (Ex. 23 Hunt Dep.)," "AT&T's Code of Business Conduct (Exs. 14 and 29 Hunt Dep.; Ex. 7 Styf Dep.)," "AT&T's Equal Employment Opportunity & Harassment Policies (Exs. 15 and 29 Hunt Dep.)," "AT&T's EEO Awareness Management Training (Ex. 28 Hunt Dep.)," "AT&T Performance Evaluations (Ex. A-2 and A-3 Hunt Aff.)," "AT&T Global HR Services termination processing document (Ex. 6 Styf Dep.)," and "AT&T's Proprietary Classifications training (Ex. 8 Styf Dep.)."

[5] The investigative report is identified in Defendants' chart as "AT&T Investigative Reports (Exs. 3-4 Styf Dep.)."

*Capital Corp.*, 258 F. App'x 860, 861–62 (6th Cir. 2008) (internal quotation omitted)).

A party can "establish that a compelling interest exists to protect confidential business information even if it is not a trade secret." *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 2:19-cv-4262, 2022 WL 1080772, at *3 (S.D. Ohio Apr. 11, 2022) (citing Kondash, 767 F. App'x at 638). "But the burden is a heavy one." *JobsOhio v. Nexient, LLC*, No. 2:24-CV-1445, 2024 WL 5365019, at *3 (S.D. Ohio Oct. 22, 2024). While information that others could use to gain a competitive advantage may warrant sealing, a moving party still "must show that disclosure would 'seriously harm its competitive standing.'" *Ewalt,* 2022 WL 1080772, at *3 (quoting *U.S. ex rel. Scott*, No. 3:18-cv-61, 2021 WL 4449277, at *4 (W.D. Ky. Sept. 28, 2021)).

Here, Defendants fail to meet the high standard set forth by the Sixth Circuit with respect to these documents. Defendants represent that the above documents are "non-public," but say little else to establish that these documents are trade secrets. Specifically, Defendants do not explain "the savings affected [or] the value" they retain by keeping this information secret from competitors. *See Kondash*, 767 F. App'x at 638–39. Nor do Defendants address "the amount of effort or money expended in obtaining and developing the information" or the "amount of time and expense it would take" for competitors to "acquire and duplicate" these documents. *See id.* As a result, and based on the record before it, the Court cannot conclude that the above documents are trade secrets.

Nor can the Court conclude that Defendants have otherwise offered sufficient justifications for sealing the documents as confidential business information. Defendants offer no explanation of what specific harm may be sustained from the disclosure of these exhibits on the public record. *See Shane Grp.*, 825 F.3d at 307 ("[T]he proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury[.]" (cleaned

7

up)).  While Defendants contend that the disclosure of AT&T's interview guide could be used to compete with AT&T, Defendants have "not offered more than speculation of how competitors could use this information to harm [AT&T's] business operations."  *JobsOhio*, 2024 WL 5365019, at *3.

Defendants' conclusory statement that the investigative reports describe a "confidential investigation conducted by AT&T," without more, is likewise an insufficient justification under the *Shane Group* standard for sealing.  (ECF No. 31, PAGEID #: 265.)

Further, the Court doubts Defendants' representations that these documents are wholly unnecessary to the public's understanding of the events giving rise to Plaintiff's Motion to Vacate the Arbitrator's Award, especially given that these documents were submitted as evidence in the underlying arbitration action.  The basis of Plaintiff's vacatur action is her contention that the Arbitrator deprived her of her ability to prove her workplace race and sex discrimination claims by wrongly permitting AT&T to withhold certain discovery and then move for summary judgment on an incomplete record.  Contrary to Defendants' assertion that "Plaintiff's allegations of improper withholding of discovery clearly do not implicate the confidential documents that AT&T produced in discovery" (ECF No. 31, PAGEID #: 266), the evidence the parties submitted to the Arbitrator in the underlying arbitration are directly implicated by Plaintiff's vacatur action.  Therefore, this is not an instance where the documents at issue appear to have little or no bearing on the issues in a case.  Consequently, the public's interest in accessing them is not minimal.  *See JobsOhio*, 2024 WL 5365019, at *4 (citing *Schnatter*, 2020 WL 3066622, at *2 (denying in part a motion to seal a contract between parties where "the exhibits are central to the allegations in the Complaint regarding breach of contract")).

8

Finally, Defendants offer no explanation as to how their request to redact these documents in their entirety from Plaintiff's Exhibits 6–9 is narrowly tailored.

Defendants' request to seal these documents is **DENIED without prejudice** subject to the directives below.

### III.  CONCLUSION

In summary, Plaintiff's and Defendants' requests to seal (ECF Nos. 26, 31) are **GRANTED in part** and **DENIED in part without prejudice** subject to the following directives.

Plaintiff is **GRANTED** leave to file under seal the following specific documents within Plaintiff's Exhibits 6–9:

- The personal contact information of third parties in "Notes with names and personal telephone numbers of AT&T employees (Ex. 21 Hunt Dep.)"; and
- "AT&T Maps (Exs. 7-8 Hunt Dep.; Ex. F, Hunt Opp'n to MSJ)."

The Motions are **DENIED without prejudice** with respect to the following specific documents within Plaintiff's Exhibits 6–9:

- "AT&T's Interview Guide (Ex. 23 Hunt Dep.)";
- "Rate Rank 2022 Scorecard (Exs. 9, 11, 26 Hunt Dep.)";
- "AT&T's Code of Business Conduct (Exs. 14 and 29 Hunt Dep.; Ex. 7 Styf Dep.)";
- "AT&T's Equal Employment Opportunity & Harassment Policies (Exs. 15 and 29 Hunt Dep.)";
- "AT&T's EEO Awareness Management Training (Ex. 28 Hunt Dep.)";
- "AT&T Performance Evaluations (Ex. A-2 and A-3 Hunt Aff.)";
- "AT&T Investigative Reports (Exs. 3-4 Styf Dep.)";
- "AT&T Global HR Services termination processing document (Ex. 6 Styf Dep.)"; and
- "AT&T's Proprietary Classifications training (Ex. 8 Styf Dep.)"

The Court will, however, afford Defendants an opportunity to submit a properly supported motion to seal the confidential business information in these documents **WITHIN FOURTEEN DAYS** of the date of this Order.

In the interest of getting Plaintiff's Exhibits 6–9 before the Court for its consideration of

Plaintiff's Motion to Vacate, the Court **DIRECTS** Plaintiff to file Exhibits 6–9 in their entirety under seal **WITHIN SEVEN DAYS** of the date of this Order.  If Defendants do not file a motion to seal within the time allotted, the Court will order Plaintiff to file public copies of Exhibits 6–9 that redact only those portions for which the Court has granted leave to file under seal above.

Defendants are cautioned that any forthcoming motions to seal must fully meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary.  *See Shane Grp., Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**